UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROY BRIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV749 HEA |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* For the reasons set forth below, the Court will reverse the Commissioner's denial of Plaintiff's application.

### **Facts and Background**

Plaintiff was 41 years old at the time of the hearing. He graduated from eighth grade, and had not tried to obtain a GED. He attended the St. Louis County Special Schools. The ALJ found Plaintiff had the impairments of: attention deficit

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

disorder (ADD), bipolar disorder, substance abuse disorder, antisocial personality disorder, and idiopathic back pain.

At the February 10, 2011 hearing, Plaintiff testified he had worked in landscaping and construction. He had previously used illegal drugs, but had not done so for 11-12 years. He broke his back when he was a teenager and has experienced back problems ever since. With his prescribed medication, Plaintiff does not experience the psychological problems he did when he was not medicated.

A vocational expert also testified. The VE concluded that Plaintiff could perform work that does not require constant or regular contact with the public or more than infrequent handling of customer complaints. The VE testified that a person described as such could perform unskilled light work as a housekeeper/ cleaner. The VE also testified that there exists jobs in the St. Louis metropolitan area which satisfy these requirements.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*. was denied on June 11, 2010. On December, 2010, the ALJ issued an unfavorable decision. On March 27, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe

impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the

analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity from the period of his alleged onset date of April 25, 2008 through his date of last insured of December 31, 2009. At Step Two, the ALJ found that Plaintiff had the following severe impairments: attention deficit disorder (ADD), bipolar disorder, substance abuse disorder, antisocial personality disorder, and idiopathic back pain. At Step Three, the ALJ found that Plaintiff does not have an impairment or

combination of impairments that met or equaled in severity of any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except that he is limited to jobs that involve being able to understand and carry out at least simple instructions and nondetailed tasks. He should not have constant or regular contact with the general public, should not perform work that involves more than infrequent handling of customer complaints, and should not work in proximity to alcohol, illicit drugs, prescribed drugs, or controlled substances.

At Step Four, the ALJ determined that Plaintiff could not perform his past relevant work. At Step Five, the ALJ consider Plaintiff's RFC, age, education, and work experience to determine that there are jobs that exist in the national economy that Plaintiff can perform.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a

reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In his appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the finding of residual functional capacity are not supported by

"some" medical evidence and therefore fail under the standards contained in *Singh* and *Lauer*; (2) the vocational expert testimony is in conflict with the dictionary of occupational titles (DOT) and thus under Social Security Ruling 00-4p, reconciliation is required.

**RFC and Medical Evidence**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Plaintiff argues that the RFC finds no support in the medical evidence.

According to Plaintiff, the decision fails to cite any medical evidence to support its conclusions regarding Plaintiff's ability to handle this RFC.  Also, Plaintiff claims the decision gave greater weight to a non-examining physician than an examining one, and failed to provide a legally sufficient rationale for doing so.

The ALJ noted that Plaintiff's medical records did not support a finding that Plaintiff experienced a significant decline in health at the time he stopped working.  Dr. Enkvetchakul notes symptom magnification.  Dr. Kleusner occasionally observed some superficial muscular tenderness, but there was no evidence of a pinched nerve or other disorder.  Plaintiff's back inspections, motor skills, and reflexes were consistently normal throughout his medical record.  Plaintiff had full range of motion in his lumbar spine and his stride was normal.

Although Plaintiff argues that the ALJ gave more weight to the consulting doctor, than to Plaintiff's treating doctor, Dr. Long, the ALJ noted that Dr. Long's assessment and opinions appeared to based on Plaintiff's description of his limitations, which the ALJ determined, after discussing his reasons why, to be somewhat exaggerated and not entirely credible.

The ALJ's RFC finding is clearly based upon the record as a whole.  The ALJ summarized Plaintiff's testimony regarding his limitations, the treatment notes regarding his impairments, the medical opinions in the record, and the ALJ's

credibility findings. The ALJ applied the proper standard to the facts before him and his determination of Plaintiff's RFC is supported by the record as a whole.

**Conflict with Dictionary of Occupational Titles**

> Under the standards for using VE evidence and other reliable occupational information in disability decisions, see Social Security Ruling (SSR) 00–4p, 2000 WL 1898704, at ——2–4 (Dec. 4, 2000), the ALJ has an affirmative responsibility to ask about "any possible conflict" between VE evidence and the DOT, and its companion publication (the SCO), on the requirements of a job or occupation before relying on VE evidence to support a determination of not disabled. See *Jones*, 619 F.3d at 977–78 (SSR 00–4p mandates that ALJ ask VE whether there is conflict, and to obtain explanation for any such conflict). While the ALJ gave specific directions to the VE before he testified, the record does not reflect whether the VE or the ALJ even recognized the possible conflict between the hypothetical describing a claimant who could reach overhead only occasionally, and DOT job listing # 737.687–026 indicating that a check-weigher job involved constant reaching. Further, the VE did not explain the possible conflict and the ALJ sought no such explanation. See *Montgomery v. Chater*, 69 F.3d 273, 275–77 (8th Cir.1995) (none of three DOT job listings VE identified were compatible with claimant's abilities as set forth in ALJ's hypothetical, and while VE's task is to determine whether jobs exist for someone with claimant's precise disabilities, VE did not testify that traits of identified jobs varied from way DOT described them). Thus, the Commissioner did not meet her burden, at step five of the sequential evaluation process, of establishing that jobs existed in the economy that [Plaintiff] was capable of performing. See *id*. at 277.

*Kemp ex rel. Kemp v. Colvin,* --- F.3d ----, 2014 WL 700781 (8th Cir February 25, 2014). (footnote omitted).

Plaintiff argues that the jobs of small parts assembler and housekeeper are

inconsistent with the determination that Plaintiff can only perform simple tasks. Although the ALJ did ask the VE if these jobs were consistent with the DOT and Selected Characteristics of Occupations, and the VE responded in the affirmative, neither recognized the potential inconsistency raised by Plaintiff vis a vis the skill level assessed and the definitions of small products assembler. As such, the ALJ's decision must be reversed for such determination. *Id.*

### Conclusion

Based upon the foregoing, the Court must reverse and remand this matter to the ALJ for a determination of whether the vocational expert testimony is in conflict with the DOT and thus whether under Social Security Ruling 00-4p the ALJ must reconcile the two.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is reversed

**IT IS FURTHER ORDERED** that this matter is remanded to the ALJ for further proceedings in accordance with this Opinion, Memorandum and Order .

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 27th day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE